UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10268-RGS

FERDY ARGUETA

v.

CITY OF REVERE, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

December 31, 2009

STEARNS, D.J.

On February 23, 2009, Ferdy Argueta filed this civil rights action against the City of Revere and three of its police officers, Mark Birritteri, Joseph DeLeo, and Lynn Romboli. On June 15, 2009, Officer Birritteri filed a motion to dismiss the Complaint, and on July 16, 2009, the City followed suit. On August 11, 2009, the court issued a Memorandum and Order dismissing the City from the case. The court additionally dismissed all claims against Birritteri with the exception of the claim for unlawful arrest. On November 6, 2009, DeLeo and Romboli filed a motion for summary judgment. On the same day, Birritteri filed a motion for summary judgment. On December 2, 2009, Argueta filed an opposition to Romboli's and DeLeo's motion. No opposition has been filed to Birritteri's motion.

BACKGROUND

Argueta brought this lawsuit after charges against him for failing to stop for police, assault with a dangerous weapon, and resisting arrest were dismissed. He asserts claims for violations of the Federal Civil Rights Act, 42 U.S.C. § 1983, and the Massachusetts

Civil Rights Act, (MCRA), Mass. Gen. Laws ch. 12, § 11I.  Defendants have filed separate motions for summary judgment; each will be addressed in turn.

1. <u>Romboli and DeLeo's Motion</u>

The material undisputed facts as set forth by Romboli and DeLeo are as follows. Shortly before 11:00 P.M. on February 10, 2008, Argueta failed to stop at a red light in Revere, Massachusetts.  After turning left onto Route 1A, Argueta drove for a quarter of a mile while being followed by a police car with its blue lights flashing, a signal for Argueta to stop.  Instead of pulling over to the right side of the road, Argueta entered the left lane. After traffic became bottlenecked, Argueta stopped his vehicle.  When Officer Romboli approached the vehicle, Argueta struck her with the car door.

Argueta's opposition to Romboli's and DeLeo's motion does not address the merits of the case.  It consists solely of the following:

> [P]laintiff states that defendants have failed to file an affidavit or deposition transcript or other qualifying documentation to raise a material issue in the case.  They filed only a the motion, a statement of facts, and a memorandum of law.

The Federal Rules, however, impose no such requirement.  Rule 56 is clear that "[a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b);  "Affidavits in support of a rule 56 motion are not required by the rule; they simply are permitted." <u>Nolla Morell v. Riefkohl</u>, 651 F. Supp. 134, 139 (D. P.R. 1986).  "The failure to introduce affidavits will not prevent summary judgment if the prerequisites for granting the motion have been satisfied in some other fashion." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2722 (3d ed. 1998).

Argueta's opposition somewhat puzzlingly faults Romboli and DeLeo for failing to submit "qualifying documentation to raise a material issue in the case."  This, however, is not defendants' burden.  Rather, it is up to Argueta as the non-moving party to submit sufficient documentation to demonstrate that a material issue precludes summary judgment.  "[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e)(2).[1]  See also Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir.1989) ("[T]he opposing party, by failing to file a written objection and memorandum as required by the rule, waives the right to controvert the facts asserted by the moving party in the motion for summary judgment and the supporting materials accompanying it.").  An unopposed motion for summary judgment (which this is for all practical purposes) is not automatically granted. It is well-settled that "the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law."

---

[1]The Local Rules are in accord.  Local Rule 56.1 provides that

> [o]pposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation. Copies of all referenced documentation shall be filed as exhibits to the motion or opposition. **Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.**

(Emphasis added).

López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir. 1991) (citation omitted).

      Consistent with these principles, the court accepts as true the unopposed facts set forth by Romboli and DeLeo.  Applying the facts to the claims at issue, it is clear that the defendants had sufficient cause to arrest Argueta.  In the first instance, an officer initiating a traffic stop must possess a "reasonable and articulable suspicion" of past or present wrongdoing.  Flowers v. Fiore, 359 F.3d 24, 29 (1st Cir. 2004).  An "objectively reasonable suspicion, even if found to be based on an imperfect perception of a given state of affairs," may justify the stop.  United States v. Coplin, 463 F.3d 96, 102 (1st Cir. 2006).  An officer, as a matter of course, with or without reasonable suspicion, may order a driver to exit his vehicle for safety reasons after even an apparently routine motor vehicle stop.  Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977).  See also Maryland v. Wilson, 519 U.S. 408, 410 (1997) (same, passengers).  As set forth in the unopposed facts, Argueta failed to stop at a red light, and then failed to stop when the police, with blue lights flashing, signaled him to pull over.  Massachusetts law subjects persons such as Argueta who "refuse or neglect to stop when signalled to stop by any police officer" to a $100 fine.  Mass. Gen. Laws ch. 90, § 25.  A violation of section 25 subjects a violator to a warrantless arrest.  See Mass. Gen. Laws ch. 90, § 21.  Therefore, the stop and arrest were

reasonable as a matter of law and Romboli's and DeLeo's motion will be allowed.[2]

2. Birritteri's Motion

The sole remaining claim against Officer Birritteri is for unlawful arrest.  However, as discussed above, the record indicates that there was ample probable cause to stop and arrest Argueta.  Moreover, Birritteri has submitted an uncontested affidavit stating that he was not the officer who placed Argueta in handcuffs.  Birritteri is, therefore, entitled to summary judgment in his favor.

## CONCLUSION

The defendants' motions for summary judgment will be ALLOWED.  The Clerk will enter judgment in favor of defendants on all remaining counts, and the case will be closed.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2]Although the Complaint alleges that Argueta was struck in the face by DeLeo, defendants argue in their motion for summary judgment that neither excessive force, nor threats, intimidation, or coercion, were used.  Because Argueta does not dispute this contention in his bare bones opposition to summary judgment, the excessive force and MCRA claims will be dismissed.